UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ANTHONY WALLACE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 2:17-cv-159-TAV-MCLC |
|  | ) |  |
| LT. BAILEY, | ) |  |
| MS. STILES, and | ) |  |
| MS. HATHAWAY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights action brought under 42 U.S.C. § 1983 by Anthony Wallace ("Plaintiff"). Upon initial screening of Plaintiff's complaint, the Court entered a Memorandum and Order dismissing a number of claims and defendants but permitting an Eighth Amendment claim to proceed against the above-named defendants [Doc. 4]. The Memorandum and Order directed the Clerk's Office to send Plaintiff service packets (a blank summons and USM Form 285) for the three remaining defendants and ordered Plaintiff to complete those service packets and return them to the Clerk's office within twenty days of receipt of the Memorandum and Order [*Id*. p. 22]. Plaintiff was forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action [*Id*.].

Plaintiff did not return the service packets within the allotted time. As a result, on February 7, 2019, the Court ordered Plaintiff to show cause, in writing, within fifteen days why his case should not be dismissed for want of prosecution and for failure to comply

with the court's previous order [Doc. 5].  Plaintiff was warned that if he failed to timely comply with the show-cause order, this action would be dismissed with prejudice [*Id*.]. More than fifteen days have passed and Plaintiff has not responded to the show-cause order or communicated with the Court in any way.  Nor has he returned the service packets.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a complaint if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ."  *See, e.g.*, *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Dismissal under Fed. R. Civ. P. 41(b) may be *sua sponte*.  *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  In determining whether involuntary dismissal is warranted under Fed. R. Civ. P. 41(b) for failure to prosecute, a court is to consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's orders is due to his own willfulness and fault.  Local Rule 83.13 imposes upon a pro se litigant the obligation to both monitor the progress of his case and to prosecute it diligently.  Moreover, that same rule provides that the failure of a pro se Plaintiff to timely respond to an order sent to the last address provided to the Clerk may result in dismissal of the case.  Here, the record shows that the Court's order directing Plaintiff to return the service packets and the show-cause order both were mailed to Plaintiff at his last reported

address [Docs. 4, 5]. There is no indication that either order was returned as undeliverable or otherwise that he did not receive them.

The case law is clear that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109. The Court's orders set clear and firm deadlines for Plaintiff to follow. He nevertheless failed to adhere to those deadlines, in violation of both the local rules and the orders themselves. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that, because service was never issued, Plaintiff's failure to comply with the Court's orders has not prejudiced Defendants.

As to the third factor, the record shows that the Court twice warned Plaintiff that his case would be dismissed if he failed to comply with the Court's orders within the allotted timeframes [Doc. 4 p. 22; Doc. 5 p. 2]. Plaintiff's failure to comply with those orders despite being placed on notice of the consequences of non-compliance also weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that any alternative sanctions would not be effective. Plaintiff twice now has failed to respond to Court orders and otherwise has failed to pursue this action in any way since filing his complaint on September 13, 2017 [Doc. 2]. Any further attempts to prod Plaintiff into compliance through the imposition of a lesser sanction than dismissal would appear to be futile.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of the dismissal of this action. Accordingly, pursuant to Fed. R. Civ. P. 41(b), this action will be **DISMISSED with prejudice** for want of prosecution and for failure to comply with the Court's orders and the local rules of court. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In accordance with 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal will be **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE